Exhibit 2

 

# HALL AND DIXON, PLLC

| **Issa Hall** | **Ronard Dixon, Jr.** | **Jennifer Stevens** | **Alesha S. Brown** |
|---|---|---|---|
| Partner | Partner | Associate Attorney | Of Counsel |

**OFFICE:**
725 EAST TRADE STREET, SUITE 115
CHARLOTTE, NC 28202
TELEPHONE (704) 993-6825
FAX (704) 626-2620

**ALESHA S. BROWN**
OF COUNSEL, ATTORNEY AT LAW
DIRECT DIAL: (704) 935-2656
EMAIL: ABROWN@HALLDIXONLAW.COM
HALLDIXONLAW.COM

**May 12, 2020**

***Via Hand Delivery***
Priority Honda Huntersville
**Attn: Diane Ulmer**
12815 Statesville Road
Huntersville, NC 28078

> Re: ***Kenneth Robinson and Christopher Hall v. Priority Honda and James Beckley (2020-cvs-6946)***

Dear Diane Ulmer:

Please be advised that I represent the Plaintiffs in the above-referenced lawsuit. As the registered agent for Priority Honda Huntersville, enclosed please find the following:

- Filed Complaint
- Filed Civil Action Cover Sheet
- Executed Summons
- Plaintiffs' First Set of Interrogatories, Request for Production, and Request for Admissions to Defendants.

Please feel free to contact my office if you'd like to discuss this lawsuit.

Sincerely,

Alesha S. Brown

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.

2020-CV-6946

FILED

2020 MAY 12 A 9:51

MECKLENBURG COUNTY C.S.C.

BY_____

In The General Court Of Justice
☐ District  ☒ Superior Court Division

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

| Name And Address Of Plaintiff 1 | | | | |
|---|---|---|---|---|
| Kenneth Robinson | | | | |
| 2114 Tommy Lane | | | | |
| Matthews | NC | 28105 | | |

| Name And Address Of Plaintiff 2 | | | |
|---|---|---|---|
| Christopher Hall | | | |
| 1607 Ryan Street NW | | | |
| Concord | NC | 28027 | |

### VERSUS

| Name And Address Of Defendant 1 | | | |
|---|---|---|---|
| Priority Honda | | | |
| 12815 Statesville Road | | | |
| Huntersville | NC | 28078 | |

Summons Submitted
☒ Yes  ☐ No

| Name And Address Of Defendant 2 | | | |
|---|---|---|---|
| James Beckley | | | |
| 12815 Statesville Road | | | |
| Huntersville | NC | 28078 | |

Summons Submitted
☒ Yes  ☐ No

| Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address) | | |
|---|---|---|
| Alesha S. Brown, Esq. | | |
| 725 E. Trade Street | | |
| Suite 115 | | |
| Charlotte | NC | 28202 |

| Telephone No. | Cellular Telephone No. |
|---|---|
| 704-993-6825 | 704-935-2656 |

| NC Attorney Bar No. | Attorney Email Address |
|---|---|
| 53000 | abrown@halldixonlaw.com |

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm | Fax No. |
|---|---|
| Hall and Dixon, PLLC | 704-626-2620 |

Counsel For
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

### TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)

- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☒ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)

- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other (specify and list each separately)

| Date | Signature Of Attorney/Party |
|---|---|
| 05/12/2020 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

File No.
2020-CV- 6946

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
Kenneth Robinson and Christopher Hall

Address
2114 Tommy Lane; 1607 Ryan Street NW

City, State, Zip
Matthews; Concord        NC   28105; 28027

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

### VERSUS

Name Of Defendant(s)
Priority Honda Huntersville

James Beckley

Date Original Summons Issued
05/12/2020

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | | | Name And Address Of Defendant 2 | | |
|---|---|---|---|---|---|
| Priority Honda | | | James Beckley | | |
| 12815 Statesville Road | | | 12815 Statesville Road | | |
| Huntersville | NC | 28078 | Huntersville | NC | 28078 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!**
**You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | | | Date Issued | Time |
|---|---|---|---|---|
| Alesha S. Brown, Esq. | | | 05/12/2020 | 9  ☒AM  ☐PM |
| 725 E. Trade Street | | | Signature | |
| Suite 115 | | | _Maray P. Natche_ | |
| Charlotte | NC | 28202 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION**
2020-CVS- **6946**

FILED

2020 MAY 12 A 9:57

MECKLENBURG COUNTY, C.S.C

BY_____

KENNETH ROBINSON and
CHRISTOPHER HALL,

    Plaintiffs,

vs.

PRIORITY HONDA d/b/a/ PRIORITY
HONDA HUNTERSVILLE and JAMES
BECKLEY

    Defendant.

**COMPLAINT
(JURY TRIAL DEMANDED)**

NOW COMES Plaintiffs Kenneth Robinson ("Robinson") and Christopher Hall ("Hall") (collectively "Plaintiffs") by and through undersigned counsel, and complains against Defendants Priority Honda ("Honda") and James Beckley ("Beckley") as follows:

## PARTIES

1.     Plaintiff Kenneth Robinson is an African American male and is citizen and resident of Mecklenburg County.

2.     Plaintiff Christopher Hall is an African American male and is a citizen and resident of Mecklenburg County.

3.     Upon information and belief, Defendant James Beckley is a citizen and resident of Mecklenburg County.

4.     Upon information and belief, Defendant Priority Honda is a foreign Corporation, which, at all times relevant hereto, was authorized to and did conduct business in Mecklenburg County, North Carolina.

1

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. § 1-75.4. Defendant at all times relevant hereto, conducted business in North Carolina, performed services within North Carolina, and the acts complained of took place within Mecklenburg County, North Carolina.

6.      This Court has subject matter jurisdiction over Defendant, in that the acts and omissions of Defendant occurred in Mecklenburg County, North Carolina. The amount in controversy is in excess of $25,000.00.

7.      Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-79 and/or § 1-80. Plaintiffs reside in Mecklenburg County, North Carolina. Upon information and belief, Defendant maintained and/or are (were) regularly engaged in carrying on business in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

8.      In May 2018, Plaintiff Hall began his employment as a sales manager at Priority Honda located at 12815 Statesville Road, Huntersville, NC 28078.

9.      Throughout his employment, Plaintiff Hall's performance and sales were exceptional. As such, Plaintiff Hall never received negative feedback or a negative performance evaluation.

10.     In September 2018, Plaintiff Robinson began his employment as a salesman at Priority Honda located at 12815 Statesville Road, Huntersville, NC 28078.

11.     In July 2019, Plaintiff Robinson was promoted to new car sales manager.

2

12. Throughout his employment, Plaintiff Robinson's performance and sales were exceptional. As such, Plaintiff Robinson never received negative feedback or a negative performance evaluation.

13. In or about mid-July 2019, Defendant Beckley relocated from West Virginia to become General Manager of Honda.

14. On July 19, 2019, Defendant Beckley held a sales meeting with sales managers to discuss how the dealership would move forward under his leadership. Despite the fact that Plaintiffs were sales manager, Mr. Beckley did not meet with them or any of the other African American managers to have similar discussions.

15. Instead, Defendant Beckley proceeded to reorganize the store, which is never done without first speaking to everyone in management, and threw Plaintiffs' belongings away without ever speaking with them or asking if they would like to take their belongings with them.

16. Plaintiff Hall's belongings that were located on and inside of his desk included his car keys, pictures of his family and children, his sales books, a jacket, and his medication he takes for a serious medical condition and more. To date, Plaintiff Hall's belongings have not been returned to him.

17. Defendant Beckley threw away Plaintiff Robinson's belongings that were located on and inside of his desk, including his brief case. Plaintiff Robinson asked Defendant Beckley about the location of his belongings and Defendant Beckley responded that he did not know where they were. To date, Plaintiff Robinson's belongings have not been returned to him.

18. At no point were Plaintiffs told that they would no longer have their desk space as a sales manager prior to their belongings being thrown away. At the close of business, Plaintiff

3

Robinson asked Defendant Beckley to speak with him. Defendant Beckley responded, "sorry I am busy."

19. On the following day, July 20, 2019, Defendant Beckley held a storewide meeting where he discussed with all employees how the dealership would move forward under his direction. At that meeting, he played a recording of a call that one of the six (6) African American managers had with a customer. Defendant Beckley played the call three (3) times and each time spoke about how he would have conducted the call better and how horrible the call was. He effectively intimidated and humiliated an African American manager in front of the entire store as an intimidation tactic.

20. Even worse, with more than ten (10) minority employees in the store, Defendant Beckley shouted that he would "Make Priority Honda Great Again!" Many of the employees were offended and expressed disbelief and concern with Defendant Beckley's statement, including Plaintiffs.

21. On that same day, Plaintiffs and another African American manager met with Defendant Beckley. Defendant Beckley stated he was "happy they came to him" and told them, after being at the dealership for more than a week without speaking to them, that they, and the other four (4) African American sales managers would be demoted to salesmen without reasoning.

22. When Plaintiffs questioned why they were being demoted, Defendant Beckley responded by saying, "you need to lose the attitude." Although he had never met Plaintiff Robinson prior to becoming General Manager at Honda, Defendant Beckley further indicated that he had been told that Plaintiff Robinson was "bitter and angry."

23. Prior to Defendant Beckley coming to Honda, there were seven (7) managers- five (5) were African American and two (2) were Caucasian. After Defendant Beckley became General

4

Manager, there were six (6) to seven (7) managers who were all Caucasian. The only two (2) Caucasian sales managers who remained at Honda were not demoted, but, instead, maintained their positions as managers.

24. Shockingly, after Defendant Beckley became general manager, the store was physically separated by race.

25. On that same day, a salesman told Plaintiffs that he would be leaving Honda because Defendant Beckley told him not to hang with "those thugs" and to "stay away from those thugs," referring to Plaintiffs and other African American employees who were speaking with one another.

26. Because of Defendant Beckley's racist and offensive comments, that employee ended his employment on that same day. When Defendant Beckley became aware that the employee was leaving, he approached him and stated, "take Kenny, Chris and Quinton with you," referring to Plaintiffs and another African American employee.

27. Another salesperson reported to Plaintiff Robinson that he heard a Caucasian sales manager state to another Caucasian sales manager who continued to speak with Plaintiff Robinson that he needed "to come over to the white side" because they were "back in power."

28. Defendant Beckley had also instructed employees who would normally report to Plaintiffs not to speak with them, which directly and negatively impacted Plaintiffs' ability to perform their duties as sales managers.

29. Defendant Beckley intentionally and maliciously discriminated against African American employees based on their race and created a racially hostile work environment.

30. Plaintiff Robinson was humiliated and demoralized by his unwarranted and unlawful demotion after being in his managerial position for only one (1) week. Demoting Plaintiff

5

Robinson without reason, or a "blue sheet and pay plan" was not only unlawful, but a violation of Honda's policy. Any time Plaintiff Robinson requested a blue sheet and pay plan, he was met with unwarranted aggression and his concerns were dismissed. The hostile and racially dominated work environment was uncomfortable, intimidating and unlawful.

31. As such, Plaintiff Robinson reported the discrimination and hostility to Honda. A meeting was held with Plaintiff Robinson, Defendant Beckley and Honda's Manager of Human Resources. Defendant Beckley's attendance at that meeting was a surprise to Plaintiff Robinson as he requested to meet with Human Resources, not the very same individual who had caused him substantial mental, physical and emotional anguish and harm.

32. At that meeting, Defendant Beckley admitted to calling Plaintiff Robinson and other African American managers a thug and tried to justify it by saying "oh no, I didn't mean it in the kind of way that [former employee] came back and told you." He further stated, "[former employee] only came and told you guys that because I had fired him when he was working at Mazda."

33. Plaintiff Robinson was presented with a "blue slip" memorializing his unlawful demotion. After Plaintiff Robinson refused to agree to the demotion, Defendant Beckley stated "I'm not racist, my wife is Puerto Rican."

34. After unsuccessfully trying to obtain help to address the issues of discrimination from owners and higher ups at Honda, Plaintiff Robinson was forced to constructively terminate on July 23, 2019.

35. Likewise, Plaintiff Hall reached out to management and Human Resources for help to address the racially hostile environment. However, Plaintiff Hall's reports of concerns were ignored. After ignoring Mr. Hall, but subsequently scheduling a meeting knowing the conditions

6

had became unbearable, Mr. Hall, who could no longer endure the mental, emotional and physical trauma he endured while working in Honda's discriminatory and hostile work environment, constructively terminated on July 24, 2019.

36. Defendants' discriminatory and grossly negligent actions harmed Plaintiffs emotionally, mentally, financially and physically. Additionally, Defendants' actions violated their own policies and procedures.

37. Accordingly, on October 15, 2019, Plaintiffs each filed Charges with the Equal Employment Opportunity Commission ("EEOC").

38. After completing an investigation for both Plaintiffs' Charges, the EEOC issued a right to sue letter on March 16, 2020.

39. Plaintiffs file this instant lawsuit within the 90-day period required by 42 U.S.C. 2000e-5.

## FIRST CAUSE OF ACTION

### (Violation of the North Carolina Equal Employment Practices Act)
### *Against Defendant Priority Honda*

40. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

41. The North Carolina General Assembly has enacted the North Carolina Equal Employment Practices Act, which declares that:

> (a) It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of . . . race. . . by employers which regularly employ 15 or more employees.

> (b) It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for

7

advancement and development, and substantially and adversely affects the interests of employees, employers and the public in general.

42. Honda employs 15 or more employees.

43. Defendants' demotion and termination of Plaintiffs because of their race and retaliation for raising concerns regarding Defendants' racially hostile work environment (e.g. demoting Plaintiffs from sales managers, not speaking with Plaintiffs or treating them as sales managers, referring to Plaintiffs and other African American employees as "thugs," instructing Plaintiffs' direct reports to not speak with them and more) amounts to a violation of North Carolina's Equal Employment Practices Act. As such, Plaintiffs' demotion and constructive terminations were wrongful and unlawful.

44. At all times relevant, Defendants' discriminatory conduct adversely affected Plaintiffs' interests as former Honda employees.

45. Because of Plaintiffs' wrongful demotions, terminations and more, Plaintiffs have suffered loss of employment, income, and benefits, as well as emotional, mental and physical anguish and distress. Accordingly, Plaintiffs seek and are entitled to back pay, lost benefits, and compensatory damages.

46. Because many of the discriminatory and unlawful actions were reported to Honda's upper management, including Owners and Human Resources, and continued without any action to stop such racially charged incidents, Honda engaged in willful and wanton disregard for Plaintiffs' rights under North Carolina law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

8

## SECOND CAUSE OF ACTION

### Pursuant to Title VII of the Civil Rights Act of 1964- 42 U.S.C. § 2000e-2
### (Unlawful Racial Discrimination and Hostile Work Environment on the Basis of Race)
### *Against Defendant Priority Honda*

47. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

48. Plaintiffs are both African American males and are a member of a protected class as defined by State and Federal law and statutes.

49. Plaintiffs were both qualified and available for the sales manager positions that they held and performed successfully prior to being unlawfully demoted and terminated after Defendant Beckley became General Manager at Priority Honda.

50. Despite being qualified, Plaintiffs were demoted and subsequently constructively terminated on the sole basis of their race.

51. Although Plaintiffs' performance throughout the duration of employment at Priority Honda was stellar and without issue, their sales manager positions were replaced with less qualified Caucasian employees.

52. Plaintiffs were unlawfully discriminated against on the sole basis of their race and there is no other legitimate nondiscriminatory reason for the unlawful demotions, racially hostile and exclusive work environment, and terminations because other managers in similar positions who were not African American were not demoted, terminated, or forced to work in a racially hostile work environment.

53. Accordingly, Plaintiffs seek and are entitled to back pay pursuant to 42 U.S.C. § 2000e-5(g)(1), for the economic loss they suffered as a result of their unlawful demotions and terminations because of their race, compensatory damages pursuant to 42 U.S.C. § 1981(a) for

9

emotional distress and injuries Plaintiffs have and continue to suffer as a result of being demoted and terminated because of their race, and punitive damages pursuant to 42 U.S.C. § 1981(a) for Honda's demotion and termination of Plaintiffs after knowing of the racially charged incidents complained of and not addressing any of them, thereby exhibiting a malicious and/or reckless indifference for Plaintiffs' rights under Title VII of the Civil Rights Act of 1964.

54. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiffs also seek and are entitled to costs and attorney's fees.

## THIRD
### Negligence
### *Against All Defendants*

55. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

56. Defendants had a duty to protect its employees from discrimination and are liable and vicariously liable for its agents' failure to do so.

57. When Plaintiffs were not recognized or acknowledged as supervisors and unlawfully demoted and terminated solely on the basis of their race, Defendants breached their duty when they created the unlawful situation and subsequently failed to address any of the racially charged incidents that occurred at Priority Honda, even though they were well aware that Plaintiffs had suffered tremendously and that the racially hostile work environment caused Plaintiffs great emotional and mental harm.

58. Moreover, despite Defendants' breach and awareness of the various egregious racial incidents that occurred during Plaintiffs' employment, Honda never reprimanded or disciplined Defendant Beckley or any other bad actors who were/are Defendants' employees/agents.

10

Case 3:20-cv-00318-SCR    Document 1-2    Filed 06/08/20    Page 15 of 32

59. Defendants' actions and inaction are the direct and proximate cause of Plaintiffs' emotional, mental, financial (e.g. loss wages) and physical harm.

60. The harm Plaintiffs have and continue to suffer was a foreseeable result of the discrimination and hostility that occurred while Plaintiffs were employed at Honda.

61. As such, Plaintiffs are entitled to and seek damages, including but not limited to, compensatory damages, for their past and current harm due to Defendants' breach of its duty to Plaintiffs.

62. Because Defendants were aware of Plaintiffs' injuries and trauma caused by its agents, including Defendant Beckley, and have, to date, failed to take any action, Defendants' failure to remedy such dangers constitutes willful and wanton disregard for Plaintiffs' rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and Retention)
### *Against Defendant Honda*

63. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

64. Defendant Beckley and other Honda employees who acted under Defendant Beckley's direction negligently treated Plaintiffs different that other sales managers on the sole basis of their race. Their negligent mistreatment includes, but is not limited to, Plaintiffs' unlawful demotion and termination, throwing away Plaintiffs' belongings without cause or reason, encouraging other employees not to speak with Plaintiffs, referring to Plaintiffs and other African American employees as thugs and more.

11

65. Defendant Beckley and his racist and hostile tactics made/makes him incompetent and unfit to be the General Manager at Priority Honda.

66. At all times relevant, Honda was on actual and constructive notice of Defendant Beckley's incompetence and, to date, has done nothing to remedy or correct such incompetence and unfitness.

67. Defendant Beckley's incompetent and unfit actions and Honda's ongoing negligent hiring, supervision and retention of Defendant Beckley are the direct and proximate cause of Plaintiffs' emotional, financial, mental and physical harm and anguish.

68. As such, Plaintiffs are entitled to and seeks damages, including but not limited to, compensatory damages, for their past and current harm due to Defendants' negligence.

69. Because Defendant Honda was, and remains, aware of its employees' incompetence, Defendants' failure to remedy such dangers constitutes willful and wanton disregard for Plaintiffs' rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendant to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### *Against All Defendants*

70. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

71. Defendants' extreme and intentional discriminatory and hostile work environment created by Defendants, along with referring to Plaintiffs as thugs, throwing away their belongings,

12

Case 3:20-cv-00318-SCR     Document 1-2     Filed 06/08/20     Page 17 of 32

telling other employees to not speak with them and more, all constitute extreme and outrageous conduct that would outrage any ordinary person.

72. Defendants' conduct intended to cause Plaintiffs severe and emotional distress.

73. Defendants' conduct caused Plaintiffs severe and emotional distress as it created a racially hostile work environment, interfered with Plaintiffs' ability to perform their duties and responsibilities as sales managers and caused Plaintiffs to have to constructively terminate from their gainful employment as sales managers.

74. Because of the intentional infliction of emotional distress Plaintiffs have endured, and continue to endure, Plaintiffs have suffered financial, emotional, mental and physical anguish and distress. Accordingly, Plaintiffs seek and are entitled to compensatory damages, including pain and suffering.

75. Defendant's employees' failures were reported to Defendant's upper management, yet Defendant still engaged in willful and wanton disregard for Plaintiffs' rights under North Carolina law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### *Against Defendant Beckley*

76. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

77. As alleged above, Defendant Beckley negligently created a racially hostile work environment.

13

78. It was reasonably foreseeable that Defendant Beckley's conduct of unlawfully demoting Plaintiffs (which resulted in their unlawful constructive termination), unlawfully throwing away Plaintiffs' belongings, referring to Plaintiffs as "thugs," instructing Plaintiffs' fellow employees and direct reports not to speak with them and more would cause Plaintiffs severe emotional distress and did, in fact, cause Plaintiffs such distress.

79. Because of the intentional infliction of emotional distress Plaintiffs have endured, and continue to endure, Plaintiffs have suffered financial, emotional, mental and physical anguish and distress. Accordingly, Plaintiffs seek and are entitled to compensatory damages, including pain and suffering.

80. Defendant Beckley engaged in willful and wanton disregard for Plaintiffs' rights under North Carolina law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## SEVENTH CAUSE OF ACTION
### (Trespass to Chattle and Conversion)
### *Against Defendants*

81. Plaintiffs reiterate and reallege each and every paragraph above as set forth fully herein.

82. Defendant Beckley intentionally interfered with Plaintiffs' right of possession of their personal property that was thrown away because he, and the employees he instructed to assist him with doing so, dispossessed Plaintiffs of their right to their property.

83. Defendant Beckley's actions were intentional.

84. Defendant Honda's agents who were instructed by Beckley's actions were intentional and Defendant Honda is vicariously liable for its agents' actions.

14

85. Defendants' inattentional actions have harmed Plaintiffs and completely deprived them of their rights to possess their property, including Plaintiff Hall's car keys, pictures of his family and children, his sales books, a jacket, and his medication he takes for a serious medical condition and Plaintiff Robinson's brief case and other belongings.

86. Plaintiffs items have not been returned to them and Defendant Beckley has indicated he does not know what happened to their belongings even though Defendant Beckley and whoever he instructed to throw away Plaintiffs' belongings were the only individuals who had access to Plaintiffs' belongings.

87. As such, Plaintiffs are entitled to actual damages of the full value of their property and loss of use.

88. Defendants' actions were willful and wanton and a complete disregard for Plaintiffs' rights under North Carolina law, and therefore are contrary to the State's public policy and interest. As such, Plaintiffs seek and are entitled to punitive damages from Defendant to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## JURY DEMAND

Plaintiffs demand that all matters not suitable for determination by this Honorable Court be determined by a jury of their peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court for the following:

1. An order entering judgment in favor of Plaintiffs in an amount to be determined at trial for each Cause of Action herein;

2. An order awarding Plaintiffs actual and compensatory damages against Defendants;

15

3.  Pursuant to 42 U.S.C. § 2000e-5(g)(1), an award for back pay;

4.  An award for economic loss as a result of Plaintiffs' unlawful demotions and terminations;

5.  Pursuant to 42 U.S.C. § 1981(a) and N.C.G.S. Chapter 1D, an award for compensatory and punitive damages;

6.  Pursuant to 42 U.S.C. §2000e(5)(k), all costs and expenses in this action, including reasonable attorney's fees from Defendant; and

7.  Any and all further relief this Court deems necessary and proper.

This the 12th day of May 2020,

HALL & DIXON, PLLC

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com
*Counsel for Plaintiffs*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** delivered to each of the below listed person(s) this date by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

Priority Honda Huntersville
12815 Statesville Road
Huntersville, NC 28078

James Beckley
12815 Statesville Road
Huntersville, NC 28078

This the 12th day of May 2020,

HALL & DIXON, PLLC

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com
*Counsel for Plaintiffs*

17

Case 3:20-cv-00318-SCR     Document 1-2     Filed 06/08/20     Page 22 of 32

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKLENBURG**

**IN THE GENERAL COURT OF**
**JUSTICE SUPERIOR COURT DIVISION**
**2020-CVS- 6946**

KENNETH ROBINSON and
CHRISTOPHER HALL,

      Plaintiffs,

       vs.

PRIORITY HONDA d/b/a/ PRIORITY
HONDA HUNTERSVILLE and JAMES
BECKLEY

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES, REQUESTS FOR**
**PRODUCTION AND REQUESTS FOR**
**ADMISSIONS TO DEFENDANTS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby propound and serve the following written interrogatories, Requests for Production of Documents and Requests for Admissions upon Defendant, each to be answered separately and fully, in writing and under oath, within thirty (30) days from the date of the service hereof:

## INSTRUCTIONS

1.    These interrogatories, requests for production of documents, and requests for admissions, shall be deemed continuing, and supplemental answers are required if Defendant obtains, directly or indirectly, further information of the nature sought herein between the time answers are served and the time of trial.

2.    If you claim any privilege with respect to any information called for by an interrogatory or request for production, identify the type of privilege which is claimed, state in full the basis for the claim of privilege, the communication, document, or other item as to which privilege is claimed, and state the subject matter thereof. Please identify each document by its date

1

of preparation and state the identity of the person having knowledge of the circumstances of the document's preparation. If you claim a privilege with regard to any information called for by an interrogatory or request for production or any part thereof, you should nevertheless answer to the extent it calls for information as to which you do not claim a privilege.

3. If your response to any request is to refer to the response to any other request for production or to indicate that documents responsive to the request are being produced in response to some other request for production, please identify such other requests for production to which your response refers.

4. General references to any form of pleading shall be understood to be references to the specific pleading filed in this action.

5. Documents shall be produced to the extent that they are in the possession of or subject to the control of Defendant, and their attorneys, agents and all other persons acting, appearing or purporting to act on behalf of Defendant.

## DEFINITIONS

1. "Priority Honda," "Honda," or "the dealership" shall mean and refer to Priority Honda d/b/a/ Priority Honda Huntersville and/or all their its officers, directors, agents, employees, representatives, members, or other persons acting on its behalf. "Beckley" shall mean and refer to James Beckley. "You" shall mean and refer to Priority Honda and James Beckley.

2. "Employment period" shall mean and refer to the duration of Plaintiffs' employment at Priority Honda Huntersville.

3. "Communication" shall mean all discussions, conversations, interviews, negotiations,, mailgrams, telegrams, e-mails, text messages, instant messaging messages, or other

2

forms of written or verbal intercourse, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications, and when used shall require a statement of the name of the individual who made the communication, the person(s) to whom he made it, the date it was made and the form in which it was made.

4. "Identify" or "identification" or "identity" has the following meanings:

a. when used in reference to a natural person/individual, it means to state the person's full name, title, employers and job description (if applicable) and the person's residential address and business address and telephone number or, if present addresses are unknown, the last known residential and business address and telephone number;

b. when used in reference to a corporation, it means to state its full name, its state of incorporation, and the address and telephone number of its principal office;

c. when used in reference to a document, it means state the type of document (e.g., letter, memorandum, telegraph, tape recording, computer file, telex, chart, etc.) or some other means of identifying it, its author and originator, and its contents. If any such document was, but presently is no longer in your possession or subject to your control, state what disposition was made of it; and

d. when used in reference to a communication, it means state the date of the communication (month/date/year); the manner of the communications (e.g., oral, written, telephone, e-mail, fax, etc.); the person(s) who originated or participated in the communication; the person(s) who received the communication; a brief description of the subject matter of the communication; and all documents evidencing or related to each such communication.

3

5. "Person" includes natural persons, and all private companies, corporations, limited liability companies, partnerships, and other business organizations or entities, and all governmental organizations, and their representatives.

6. "Writing," "record," "document" shall mean every original (and every copy of any original or copy which differs in any way from any original) of all written, printed, typed, recorded, transcribed, and other data compilations from which information can be obtained or translated, if necessary, through detection or processing devices into reasonably usable form. These include, but are not limited to, all records, writings, sound recordings, photographs, drawings, tapes, memorandum, e-mails, text messages, instant messaging, data stored on microfilm or microfiche, or electronically filed information, including information stored in computer banks, on hard drives, on disks, on servers, or any other electronic device, of any kind whatsoever.

## INTERROGATORIES

1. State the names, addresses and title of each person answering these Interrogatories or consulted with in order to provide responses to these Interrogatories and/or the Requests for Production of Documents and Requests for Admissions.

   **ANSWER:**

2. Please state the names, addresses and telephone numbers of persons known to the Defendants or counsel to be eye witnesses concerning the facts of the case as alleged in the Complaint and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

   **ANSWER:**

3. Please provide a list of photographs, videos or sketches or other prepared documents in possession of the Defendant that depict the entire car dealership, both inside of buildings

4

and the outside of the dealership, where the incidents described in the Complaint in this lawsuit occurred.

**ANSWER:**

4. Please provide the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage in each policy, including any and all excess and umbrella policies.

**ANSWER:**

5. Please list the names and addresses of any expert witness whom Defendants propose to use as a witness. For each expert witness, please state the subject matter of the expert's testimony.

**ANSWER:**

6. If Defendants withhold documents, or parts of documents, in response to Plaintiff's Requests for Production of Documents by asserting attorney-client privilege or attorney work product, set forth a Privilege Log listing each documents, including a brief description of each document withheld and Defendants' reason for failing to produce the same.

**ANSWER:**

7. Please state the names, addresses and telephone numbers of any of Defendant Priority Honda's employees and former employees working for Priority Honda from 2018 to present. This includes, but is not limited to, a list of all current and former employees and supervisors and list what each of their titles, roles, positions, duties and responsibilities were/are from January 2018 to present. Please also indicate whether the employee listed is a current or former employee.

**ANSWER:**

8. Please provide a list of all policies, rules, training manuals and materials, procedures, and employee handbooks.

5

**ANSWER:**

9. Please list any civil actions filed within the last 10 years in which Defendant has been named as a defendant. Such list should include the name of the civil action and any related file or claim number.

   **ANSWER:**

10. Please list any claims of discrimination made by a party against Defendant, within the last 10 years, including the date, location of discrimination, and the names and addresses of the claimant(s).

    **ANSWER:**

11. Please identify any and all persons who have knowledge of the facts relevant to the incidents alleged in Plaintiffs' Complaint, including, but not limited to Defendant Priority Honda's employees, supervisors and owners.

    **ANSWER:**

12. Please identify by date, author, and title or designation, any and all documents of any kind, whether complete or incomplete, drafted, generated, or received by Defendants, any law enforcement officer, or investigatory personnel in any way regarding discrimination at Priority Honda and/or Plaintiff's employment that is the subject of this lawsuit. This includes, but is not limited to, any incident or investigation reports Defendant or any third party prepared during or after Plaintiffs' employment. If Defendant contends any such report(s) or document(s) are subject to privilege, please provide a privilege log that identifies any document that Defendant or Defendants' counsel consider to be privileged.

    **ANSWER:**

13. Please identify all documents and tangible evidence Defendants or Defendants' attorney expect to use or refer at any hearing or deposition in this lawsuit.

    **ANSWER:**

6

14. If you deny any requests for admission, please provide, in detail, the reasoning behind such denial.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce all documents made relevant by the Interrogatories or relied upon by the Defendant to provide responses to these discovery demands.

**RESPONSE:**

2. Please produce all documents and communications with or regarding Plaintiffs or their employment at Priority Honda. This includes, but is not limited to, email and text message communications between any employees, officer or agent of Defendant Priority Honda from May 2018 to Present. This also includes any and all written complaints communicated to Defendants from Plaintiffs.

**RESPONSE:**

3. Please produce copies of any and all written or recorded statements listed in response to Interrogatory No. 2.

**RESPONSE:**

4. Please produce copies of any and all photographs, videos or sketches or other prepared documents in Defendant's possession in response to Interrogatory No. 3.

**RESPONSE:**

5. Please produce copies of any and all surveillance or video footage, audio tapes, recordings or films of any incident or complaint made regarding to any of the allegations in the Complaint.

**RESPONSE:**

6. Please provide a copy of any and all policies listed in response to Interrogatory No. 4.

**RESPONSE:**

7

7. Please provide a copy of any and all written materials in response to Interrogatory No. 8.

   **RESPONSE:**

8. Please provide a copy of any and all documents and materials in response to Interrogatory No. 13.

   **RESPONSE:**

9. Please provide a copy of Plaintiffs' entire employment and personnel files, including any and all "blue slips."

   **RESPONSE**:

10. Please provide a copy of any and all past and current organizational charts from January 2018 to Present.

    **RESPONSE**:

11. Please provide a copy of all documents and reports in response to Interrogatory No. 12.

    **RESPONSE:**

12. Please provide a copy of any and all employee complaints and disciplinary files regarding any of the allegations in the Complaint.

    **RESPONSE:**

13. Please provide a copy of all pay stubs or documents reflecting Plaintiffs' pay during their employment at Priority Honda.

    **RESPONSE:**

## REQUEST FOR ADMISSIONS

1. Admit that Plaintiff Hall was a car sales manager before James Beckley became General Manager at Priority Honda.

2. Admit that Plaintiff Robinson was a car sales manager before James Beckley became General Manager at Priority Honda.

3. Admit that James Beckley ordered the reorganization of the offices in the dealership's building where Plaintiffs' desks were located.

8

4. Admit that Defendant James Beckley stated "Make Priority Honda Great Again," at a meeting with Priority Honda employees, including Plaintiffs.

5. Admit that Defendant James Beckley referred to Plaintiffs and other African American employees as "thugs" to a former employee of Priority Honda.

6. Admit that Plaintiff Hall was demoted from being car sales manager after James Beckley became General Manager at Priority Honda.

7. Admit that Plaintiff Robinson was demoted from being car sales manager after James Beckley became General Manager at Priority Honda.

This the 12th day of May, 2020,

HALL & DIXON, PLLC

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
*Attorney for Plaintiff*
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com
*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANT** was delivered to each of the below listed person(s) this date by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

Priority Honda Huntersville
12815 Statesville Road
Huntersville, NC 28078

James Beckley
12815 Statesville Road
Huntersville, NC 28078

This the 12th day of May, 2020,

HALL & DIXON, PLLC

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
*Attorney for Plaintiff*
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com
*Counsel for Plaintiffs*