**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00318-DSC**

| | |
|---|---|
| KENNETH ROBINSON AND CHRISTOPHER HALL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PRIORITY AUTOMOTIVE HUNTERSVILLE INC. AND JAMES BECKLEY, )<br>)<br>Defendants. ) | **PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |

This Pretrial Order and Case Management Plan shall govern this case from the date of filing through discovery, the filing of all motions, mediation or other alternative dispute resolution, and trial.

| DEADLINES AT A GLANCE | |
|---|---|
| Rule 26 Disclosures | September 9, 2020 |
| Expert Reports: | |
|    Plaintiffs' Report: | December 18, 2020 |
|    Defendants' Report: | January 15, 2021 |
| Discovery Completion: | February 25, 2021 |
| ADR: | March 11, 2021 |
| Dispositive Motions (filed): | March 25, 2021 |
| Pretrial Submissions: | Two weeks prior to trial |
| Trial Setting: | September 2021 civil term |

## I. DISCOVERY

**A. DISCOVERY GUIDELINES**: Discovery shall be proportional to the needs of the case and is limited as follows: each party may propound no more than **twenty-five** interrogatories, including subparts; no more than **twenty-five** requests for admission, and take no more than **fifty hours** of depositions of non-expert witnesses. The Court reserves the right to shift the costs of production of discovery to the party requesting it when the Court determines that the request is not proportionate. When a party has an objection to production, the objection must be specific.

Production of documents may be accomplished through production of hard copies instead of electronic data.

  **B. RULE 26 DISCLOSURES**: The parties shall comply with the requirements of Rule 26(a) on or before **SEPTEMBER 9, 2020**.

  **C. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

  **D. THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

  **E. PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court upon the completion of litigation.

  A PROTECTIVE ORDER is hereby entered in accordance with Rule 16(b)(1)(B) and Rule 502 providing that privileged documents inadvertently produced may be "clawed back" by the party that produced them within fourteen days of being served with written notice of the inadvertent disclosure by the party who received the document.

  **F. DISCOVERY COMPLETION**: All discovery shall be complete no later than **FEBRUARY 25, 2021**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than fourteen days prior to scheduled trial time <u>and</u> a joint stipulation memorializing the extension is filed on the record.[1] Otherwise, discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. If a party moves for an extension of time to

---

[1] Stipulated extensions of the deadline for completion of all discovery will not alter the deadlines for filing, briefing, and hearing dispositive motions, nor do they provide grounds for a continuance of a trial setting.

respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

**G. EXPERT WITNESSES:** The Plaintiffs shall provide reports from their expert witnesses pursuant to Rule 26(a)(2) by **DECEMBER 18, 2020**. Defendants shall provide reports from their expert witnesses by **JANUARY 15, 2021**. Supplementations per Rule 26(e) shall be due as provided by Rule 26(e).

## II. ALTERNATIVE DISPUTE RESOLUTION

**A. METHOD OF ADR:** The method of ADR requested to be utilized in this case is **MEDIATION**.

**B. ADR DEADLINE:** The deadline for completing ADR and filing a report on the results is **MARCH 11, 2021**.

**C. SETTLEMENT PROCEDURES:** If a settlement is reached, it shall be reported immediately to the Court, in writing, together with a realistic target date by which the parties can have a formal stipulation of dismissal filed. Upon notification of settlement, the Court will enter an order nominally dismissing the case without prejudice to the right of any party to reopen it should the settlement not be consummated as contemplated.

## III. MOTIONS

**A. MOTIONS DEADLINE**: All motions except motions *in limine* and motions to continue shall be filed no later than **MARCH 25, 2021**. Parties may not extend this deadline by agreement and stipulated extensions for the completion of discovery do not extend the Motions Deadline.

**B. MOTIONS HEARINGS**: Hearings on motions will be conducted only when the Rules require a hearing, or when the memoranda filed in support of and in opposition to the motion do not provide an adequate basis for decision. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

**C. MEMORANDA IN SUPPORT OF MOTIONS, REQUIREMENTS AND DEADLINES:** Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based.

    1. Unless prior permission has been granted, memoranda of law in support of or in opposition to any discovery or evidentiary motion shall not exceed 3,000 words, and reply memoranda will not be permitted in discovery or evidentiary disputes

2. Unless prior permission has been granted, memoranda of law in support of or in opposition to any dispositive motion shall not exceed 6,000 words, and reply memoranda shall not exceed 2,000 words.

Motions not in compliance with this Order are subject to summary denial.

**D. RESPONSES AND REPLIES**: Responses to motions, if any, shall be filed within fourteen days of the date on which the motion is filed. Replies to responses, if any, shall be filed within seven days of the date on which the response is filed.

**E. EXTENSIONS OF TIME**: If counsel require more than fourteen days to file a response or seven days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

**F. REQUIREMENT OF CONFERENCE WITH COURT BEFORE FILING SUBSTANTIVE DISCOVERY MOTIONS:** In accordance with Rule 16(b)(1)(B), a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the Court. Only when that request is denied or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery. Such conferences will be conducted by conference call and need not be recorded.

**G. MOTIONS TO COMPEL**. A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties and counsel to attempt to resolve discovery disputes in good faith without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

### IV. PRETRIAL AND TRIAL PROCEDURES

**A. TRIAL SUBPOENAS**: Counsel must subpoena all witnesses at least fourteen days before the day on which the Clerk of Court has set the case for trial. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

**B. PRETRIAL SUBMISSIONS:** The Court requires the following pretrial submissions to be jointly drafted and submitted to chambers at least fourteen calendar days prior to the trial date:

1. Proposed Pretrial Order. This document shall contain:

a. A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not exceed one page.

b. Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

c. A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph IV.F. below.

d. A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the Courtroom Deputy at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

e. Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar format as the exhibit list.

f. A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

g. A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

**C. JURY VOIR DIRE**: The Court will conduct its standard voir dire. In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question. Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed voir dire as it deems proper.

**D. PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions no later than fourteen calendar days prior to the trial date. In addition to the Court's generally applicable pattern jury instructions, counsel shall jointly submit a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (*e.g.*, the elements of the claims and defenses at issue), subject to supplementation at the close of evidence as necessary, as contemplated by Rule 51. Counsel shall submit proposed instructions from O'Malley, et al., Federal Jury Practice and Instructions (formerly Devitt & Blackmar) or from the North Carolina Pattern Jury Instructions unless they do not contain an applicable instruction. Counsel shall identify and index each proposed instruction by number and heading, and support each proposed instruction with adequate legal authority. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction. Boilerplate introductory instructions are not required to be submitted.

**E. EXHIBITS**: Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy. See "Courtroom Technology" link on the District website. Counsel shall provide in electronic format any exhibits consisting of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format. Video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate independent file and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

> Exhibit 1 -     photograph of . . .
>
> Exhibit 2(a) -  contract
>
> Exhibit 2(b) -  video deposition of . . .

**F. MOTIONS *IN LIMINE* AND TRIAL BRIEFS:** To the extent that contested issues of law and evidentiary objections can be anticipated in advance of trial, trial briefs and/or motions *in limine*, if appropriate, shall be filed at least fourteen calendar days prior to the first day of the trial term during which the case has been calendared. Written responses shall be due at least seven calendar days prior to the first day of the trial term. Word limits for motions *in limine* shall be

governed by Paragraph III.C.1. and word limits for trial briefs shall be governed by Paragraph III.C.2.

**G. VIDEO DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**H.** *DE BENE ESSE* **DEPOSITIONS:** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of Court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist which would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

**I. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:** If any party fails to comply in a timely manner, the Court may impose sanctions including but not limited to a $50.00 per day fine assessed against counsel.

**J. TRIAL DATE:** Trial **WITH A JURY** is scheduled to commence on the first day of the **SEPTEMBER 2021 civil term**. The term "Trial Date" has been used throughout this Order to refer to the first day of the term in which this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

**K. LENGTH OF TRIAL**: Trial is anticipated to last **FOUR to FIVE days.**

**L**. **ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. EFFECT OF THIS ORDER

To the extent that any provisions of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by order of this Court and may not be modified by agreements among the parties.

## VI. SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: August 27, 2020

David S. Cayer
United States Magistrate Judge