# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| KENNETH ROBINSON and CHRISTOPHER HALL, Plaintiffs, | ) ) ) ) |
| v. | ) ) ) |
| PRIORITY HONDA d/b/a PRIORITY HONDA HUNTERSVILLE and JAMES BECKLEY, Defendants. | ) ) ) ) ) ) ) |

Case No.: 3:20-cv-00318-DSC

## STIPULATED PROTECTIVE ORDER

The parties hereby jointly stipulate, agree and request through their respective counsel of record that this proposed Stipulated Protective Order ("Protective Order") be entered by this Court in this matter pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) as follows:

1. In the course of this litigation it is anticipated that all parties will request access to information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege. The entry of this Protective Order is necessary to protect such information. Accordingly, the parties have entered into this Protective Order and request that the Court enter this Protective Order to prevent the unnecessary disclosure of confidential information except as set forth herein.

2. As used in this Protective Order, "document" is defined as all writings of every type and description, whether draft or final, including but not limited to letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records,

memoranda of telephone conversations or personal conversations, video or audio tape recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans, income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents. Documents may also include, without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, depositions, and other information and/or documents disclosed pursuant to the disclosure and discovery rules set forth in the Federal Rules of Civil Procedure. The term "Document" also includes all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original. A draft or other non-identical copy is a separate "Document" within the meaning of this term.

3. Either party may designate a document as "CONFIDENTIAL" provided that the information in the document is not in the public domain and is entitled to protection based upon some form of privacy interest, confidentiality interest, trade secret interest, or privilege. CONFIDENTIAL information (as defined below) shall not be disclosed or used for any purpose except solely in connection with this action's proceedings, including this action's trial and any subsequent appeals, or any other legal proceedings involving these same parties.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such CONFIDENTIAL INFORMATION may be disclosed to:

(a) Attorneys actively working on this action;

(b) Persons regularly employed or associated with the attorneys actively working on the action whose assistance is required by said attorneys in connection with this action's proceedings, including this action's trial or any subsequent appeals;

(c) The parties and officers, directors, and employees of the parties;

(d) Expert witnesses and consultants retained in connection with this action, to the extent such disclosure is necessary in connection with this action's proceedings, including this action's trial;

(e) The Court and its employees (collectively, "Court Personnel");

(f) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) Jurors who hear any part of this action;

(h) Deponents, witnesses, or potential witnesses; and

(i) Other persons by written agreement of the parties.

5. Either party may designate a document as "ATTORNEY'S EYES ONLY" provided that the disclosing party and its counsel believe in good faith that the document contains proprietary information including but not limited to material constituting or containing trade or other secrets or other confidential research, development, financial, or commercial information, that the disclosing party reasonably believes is of such a nature and character that unlimited disclosure of such information to the receiving party will be harmful to the disclosing party or to its business. An attorney receiving ATTORNEY'S EYES ONLY documents, materials, and/or information shall not, without the consent of the party producing it or further Order of the Court, disclose them, their contents, or existence to any person or entity. An attorney who accepts

documents designated as ATTORNEY'S EYES ONLY does not concede to the designation. A party may object to the designation of any particular document or set of documents designated as ATTORNEY'S EYES ONLY by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen business days after the time the notice is received, it shall be the obligation of the party designating the information ATTORNEY'S EYES ONLY to file an appropriate motion within ten business days thereafter requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as ATTORNEY'S EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as ATTORNEY'S EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as ATTORNEY'S EYES ONLY.

6. Prior to disclosing CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), a party shall inform such person of this Protective Order and any person to whom CONFIDENTIAL INFORMATION is disclosed shall be subject to the terms of this Protective Order.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions

as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen business days after the time the notice is received, it shall be the obligation of the party designating the information CONFIDENTIAL to file an appropriate motion within ten business days thereafter requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Nothing in this Order shall be construed as permitting the prospective filing of documents under seal. Any party seeking to file any papers containing CONFIDENTIAL INFORMATION under seal must comply with the procedures of Rule 6.1 of the Local Rules.

11. If CONFIDENTIAL INFORMATION or documents under the terms of this Order are disclosed to any person other than one entitled to disclosure in the manner authorized under the Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable

measures to control duplication of, access to, and distributions of CONFIDENTIAL INFORMATION or documents under the terms of this Order.

12. In this litigation, if a party or non-party ("Disclosing Party") inadvertently discloses information that is subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding. If at any time the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall, as soon as practicable: (a) notify all parties in writing of the inadvertent disclosure; and (b) identify all Inadvertently Disclosed Information. Upon receiving the Disclosing Party's notice, each receiving party shall within ten business days: (a) return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information; (b) take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification; and (c) provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted. Even if the receiving party objects (or intends to object) to the Disclosing Party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information. The Disclosing Party must preserve the Inadvertently Disclosed Information until either: (a) all receiving parties concede that it is privileged or protected; or (b) the Court resolves any disputes as to whether the Inadvertently Disclosed Information is privileged or protected. Upon receiving notification that the receiving party returned, destroyed, sequestered, or deleted the Inadvertently

Disclosed Information, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information. Within ten business days after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of its objection to a claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. Within ten business days of the receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim. If the parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may request a conference with the Court to move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal pursuant to the Court's rules governing under seal filing. The motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right to request an in camera review of the Inadvertently Disclosed Information.

13. At the conclusion of this action and any subsequent appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed, or the parties may elect to instead return CONFIDENTIAL documents to the designating party. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding this action, including copies of documents that have been designated CONFIDENTIAL. Further, if a party had a document or a copy thereof in its possession prior to the commencement of this action, and that document was later designated CONFIDENTIAL by another party, nothing in this

paragraph shall be construed as prohibiting the party who had the document or copies thereof in its possession prior to this action from retaining the document or copies thereof that were in its possession prior to the commencement of this action after the conclusion of this action.

14. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all of the parties, and it shall be submitted to the Court to be made an Order of the Court. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Any party, fact witness, expert, or consultant who is to review or use CONFIDENTIAL INFORMATION shall be furnished with copies of the CONFIDENTIAL INFORMATION and shall not show or disclose any such CONFIDENTIAL INFORMATION to anyone other than persons to whom disclosure is authorized by the terms of this Protective Order. Such party, fact witness, expert, or consultant shall also be furnished with a copy of this Protective Order, and shall be required to execute an acknowledgement letter of the type attached hereto as **Exhibit A**, agreeing to abide by the terms of this Protective Order before the CONFIDENTIAL INFORMATION is disseminated to the party, fact witness, expert, or consultant. The original acknowledgment letter executed by each party, fact witness, expert, or consultant who receives CONFIDENTIAL INFORMATION shall be maintained by counsel and provided to opposing counsel at the conclusion of the case upon request from such opposing counsel. Each party, fact witness, expert, or consultant who receives CONFIDENTIAL INFORMATION may review and use the CONFIDENTIAL INFORMATION, but shall not disclose the same to any other person or entity to whom disclosure is not authorized by the terms of this Protective Order and shall not use such CONFIDENTIAL INFORMATION for any purpose other than discovery, trial, or settlement. Any recipient of such CONFIDENTIAL INFORMATION shall exercise reasonable and

appropriate care with regard to the storage, custody, and/or use of such CONFIDENTIAL INFORMATION in order to ensure that the protected nature of the CONFIDENTIAL INFORMATION is maintained. In the event such person refuses to sign Exhibit A, the party desiring to disclose the CONFIDENTIAL INFORMATION may seek appropriate relief from this Court.

16. Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any person's right to seek the production of documents, or any other information from any other source.

**SO ORDERED**.

Signed: January 8, 2021

_____
David S. Cayer
United States Magistrate Judge

Stipulated and Agreed on the 7th day of January, 2021.

*s/: King F. Tower*
King F. Tower, (NC Bar Number: 31841)
Attorney for Defendant Priority
Automotive Huntersville, Inc. d/b/a
Priority Honda Huntersville
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7533
Facsimile: (540) 983-7711
E-mail: ktower@woodsrogers.com

*s/ Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr. (NC Bar Number: 50276)
Attorney for Defendant James Beckley
GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place
Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 625-2834
Fax: (704) 612-0038
E-mail: phil@gibbonsleis.com

*s/ Alesha S. Brown*
Alesha S. Brown (NC Bar Number: 53000)
Attorney for Plaintiffs
HALL & DIXON, PLLC
725 East Trade Street, Suite 115
Charlotte, NC 28202
Telephone: 704-935-2656
Facsimile: 704-626-2620
E-mail: abrown@halldixonlaw.com

# EXHIBIT A

I, _____, hereby acknowledge that I received documents and other information provided to me in connection with the litigation involving *Kenneth Robinson and Christopher Hall v. Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville, and James Beckley*, Civil Action No. 3:20-cv-00318 in the U.S. District Court for the Western District of North Carolina. I certify that I have read a copy of the Protective Order entered in the above-referenced case, and I agree to use the protected information only for purposes of the above-referenced litigation and not for any other business or commercial purpose and I further agree not to disclose any part of the protected information to any other person. I expressly agree to be bound by the Protective Order and to be subject to the personal jurisdiction of the Western District of North Carolina. Furthermore, I agree not to make additional copies of the documents provided to me except for purposes of the above-referenced litigation, and I will return to counsel who provided to me all of the protected information I receive, including any copies, at the conclusion of this litigation.

_____
Date

_____
Name (Print)

_____
Signature

_____
Address

_____

_____