# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| **KENNETH ROBINSON and CHRISTOPHER HALL** <br><br> Plaintiffs, <br><br> v. <br><br> **PRIORITY HONDA d/b/a PRIORITY HONDA HUNTERSVILLE and JAMES BECKLEY**, <br><br> Defendants. | )<br>)<br>) **Civil No. 3:20-cv-00318-DSC**<br>)<br>)<br>)<br>) **DEFENDANT JAMES BECKLEY'S**<br>) **ANSWER TO THE SECOND AMENDED**<br>) **COMPLAINT**<br>)<br>)<br>) |

Defendant James Beckley, hereby answers the Amended Complaint of the Plaintiffs and would show unto this honorable Court the following:

## FOR A FIRST DEFENSE

1. Paragraph 1 is admitted on information and belief.

2. Paragraph 2 is admitted on information and belief.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted on information and belief.

5. Paragraph 5 is unclear in that it makes allegations with respect to one Defendant but does not specify which Defendant. Defendant Beckley admits that he is subject to the personal jurisdiction of the Court but lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and denies the same.

6. Paragraph 6 is unclear in that it makes allegations with respect to one Defendant but does not specify with Defendant. Defendant Beckley admits that the amount in controversy

exceeds $25,000.00 but lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6 and denies the same.

7. Defendant Beckley admits as much of Paragraph 7 as alleges that venue is proper in Mecklenburg County because the Plaintiffs reside in Mecklenburg County. The remainder of Paragraph 7 makes allegations with respect to one Defendant but does not specify which Defendant. Defendant Beckley, therefore, lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 7 and denies the same.

8. Paragraph 8 is admitted on information and belief.

9. Defendant Beckley denies that Plaintiff Hall's performance and sales were exceptional. Defendant Beckley lacks sufficient information regarding the other allegations of Paragraph 9 to form a belief as to the truth or falsity thereof, and therefore, denies the same.

10. Paragraph 10 is admitted on information and belief.

11. Paragraph 11 is admitted on information and belief.

12. Defendant, Beckley denies that Plaintiff Robinson's performance in sales were exceptional. Defendant Beckley lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 and, therefore, denies the same.

13. Defendant Beckley admits that on July 19, 2019, he took over management of Priority Honda as its General Manager. The remaining allegations of Paragraph 13 are denied.

14. Defendant Beckley admits so much of Paragraph 14 as it alleges that on July 19, 2019, a meeting was held to introduce Defendant Beckley to the sales managers and sales personnel as the incoming General Manager of Priority Honda. The remaining allegations of Paragraph 14 are denied.

2

15. Defendant Beckley admits so much of Paragraph 15 as it alleges that he began immediately to reorganize the operation at Priority Honda and to clean and rehabilitate much of its physical plant. The remaining allegations of Paragraph 15 are denied.

16. Defendant Beckley lacks sufficient information about the remaining allegations of Paragraph 16 to form a belief as to the truth or falsity and, therefore, denies the same.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Defendant Beckley admits that on Saturday, July 20, 2019, he had a meeting with all employees in the store to discuss his new leadership style and his plans for the business. Defendant Beckley further admits that during that meeting he played a portion of a call between a Priority Honda Manager and a customer and used that call as an example to improved customer service by pointing out how the call could have been more effective. Defendant Beckley further avers that the time he played the recording, he was unaware of the identity of the manager on the call and did not learn the identity of that manager until a later date. The remaining allegations of Paragraph 19 are denied.

20. Defendant Beckley admits that in delivering an appeal for employees to work with him to improve the appearance, sales, and operations of Priority Honda, he included the phrase "Make Priority Honda Great Again." The remaining allegations of Paragraph 20 are denied.

21. Defendant Beckley admits so much of Paragraph 21 as alleges that he met with Plaintiffs on July 20, 2019 at their request. The remaining allegations of Paragraph 21 are denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

3

25. Defendant Beckley lacks sufficient information regarding the allegations in Paragraph 25 to be able to form a belief as to the truth or falsity thereof, and therefore, denies the same.

26. Paragraph 26 is denied.

27. Defendant Beckley lacks sufficient information regarding the allegations in Paragraph 27 to be able to form a belief as to the truth or falsity thereof, and therefore, denies the same.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Defendant Beckley admits that Plaintiff Robinson complained to the Priority Honda Comptroller, who reported the complaint to the Human Resources Department in Virginia. Defendant Beckley admits that Plaintiff Robinson alleged discrimination in that complaint. Defendant Beckley further admits that on the same day the complaint was made, he met with Plaintiff Robinson and the dealership's Comptroller. The remaining allegations of Paragraph 31 are denied.

32. Plaintiff Beckley admits that plaintiffs told him another employee had reported to them that Plaintiff Beckley had referred to plaintiffs as thugs. Defendant Beckley denied having made the statement and explained that the employee who made the accusation had been fired by Defendant Beckley the month before when both were working at a different dealership. The remaining allegations of paragraph 32 are denied.

33. Defendant Beckley admits that in the aforementioned meeting, Plaintiff Robinson was given a blue slip with a pay plan attached. The pay plan was for a salesperson. Defendant

4

Beckley further admits that during that conversation, he may have observed that his wife is Puerto Rican. The remaining allegations of Paragraph 33 are denied.

34. Defendant Beckley admits that Plaintiff Robinson voluntarily resigned his employment on July 23, 2019. The remaining allegations of Paragraph 34 are denied.

35. Defendant Beckley admits that, at the same time Plaintiff Robinson complained, Plaintiff Hall also complained to the dealership Comptroller, who relayed his complaint Human Resources of the corporate headquarters in Virginia. Defendant Beckley further avers that attempts were made to communicate with Plaintiff Hall and arranged a meeting with him to discuss his concerns, however Defendant Hall consistently made excuses as to why he could not come to work until he voluntarily resigned his employment on or about July 24, 2019. The remaining allegations of Paragraph 35 are denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is admitted on information and belief.

38. Paragraph 38 is admitted on information and belief.

39. Paragraph 39 is admitted on information and belief.

40. Defendant Beckley meets the allegations in Paragraph 40 by realleging the foregoing.

41. Paragraph 41 purports to cite a statute. Defendant Beckley responds to this by craving reference to the statute for its precise terms. The remaining allegations of Paragraph 41 are denied.

42. Paragraph 42 is admitted.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45.     Paragraph 45 is denied.

46.     Paragraph 46 is denied.

47.     Defendant Beckley meets the allegations in Paragraph 47 by realleging the foregoing.

48.     Defendant Beckley admits so much of Paragraph 48 as it alleges that Plaintiffs are both African-American. The remainder of Paragraph 48 calls for a legal conclusion and, therefore, is denied.

49.     Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

52.     Paragraph 52 is denied.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Defendant Beckley meets the allegations in Paragraph 55 by realleging the foregoing.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is denied.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is denied.

63. Defendant Beckley meets the allegations in Paragraph 63 by realleging the foregoing.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Defendant Beckley meets the allegations in Paragraph 70 by realleging the foregoing.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Defendant Beckley meets the allegations in Paragraph 76 by realleging the foregoing.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Defendant Beckley meets the allegations in Paragraph 81 by realleging the foregoing.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied.

84. Paragraph 84 is denied.

85. Paragraph 85 is denied.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

89. Defendant Beckley meets the allegations in Paragraph 89 by realleging the foregoing.

90. Defendant Beckley admits so much of Paragraph 90 as it alleges that Plaintiffs are both African-American. The remainder of Paragraph 90 calls for a legal conclusion and, therefore, is denied.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is denied.

94. Paragraph 94 is denied.

95. Paragraph 95 is denied.

96. Paragraph 96 is denied.

97. Paragraph 97 is denied.

98. Plaintiffs' request for a jury trial is denied.

99. Plaintiffs' prayer for relief, including subparts 1-7, is denied.

100. Every allegation contained in the Amended Complaint that is not specially admitted herein is denied.

FOR A SECOND DEFENSE

101. Plaintiffs have failed to allege adequate facts based upon which a claim for relief can be granted.

FOR A THIRD DEFENSE

102. Plaintiffs have been negligent in this matter and their negligence has contributed to the injury, thus barring recovery.

FOR A FOURTH DEFENSE

103. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands, as these defenses may be developed during the course of this litigation.

FOR A FIFTH DEFENSE

104. Any recovery on Plaintiffs' Second Amended Complaint may be barred, in whole or in part, based upon after-acquired evidence that may be discovered during the course of litigation.

FOR A SIXTH DEFENSE

105. Any claim for punitive damages is barred because the acts and omissions, if any, of Defendant Beckley do not rise to the level required to sustain an award of punitive damages, do not evince a reckless or callous indifference to any protected right, and are not so wanton and willful as to support an award of punitive damages as a matter of law.

FOR A SEVENTH DEFENSE

106. Plaintiffs' claims are subject to their duty to mitigate damages, if any.

9

107.     Any employment action Defendant Beckley took with respect to Plaintiffs was based on reasonable factors other than any protected characteristic and was done in good faith.

FOR A NINTH DEFENSE

108.     Defendant Beckley denies that Plaintiffs suffered any emotional damage whatsoever as a result of actions taken by Defendants, and any emotional or psychological condition suffered by Plaintiffs are attributable to causes wholly independent of Defendants' actions.

FOR A TENTH DEFENSE

109.     Defendant Beckley reserves the right to assert additional defenses that may become apparent through its defense of this lawsuit.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant Beckley specifically requests that the Court issue an Order as follows:

A.      Denying any relief to Plaintiffs against Defendant Beckley upon such Second Amended Complaint and dismissing the same with prejudice;

B.      Awarding Defendant Beckley all costs, expenses, fees and damages as may arise in connection with its defense of the Second Amended Complaint.

C.      Awarding Defendant Beckley reasonable attorneys' fees associated with defending against Plaintiffs' claims; and

D.      Awarding Defendant Beckley such other and further relief as this Court may deem just and proper.

Dated this 17th day of February 2021.

Respectfully submitted,

/s/Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. NCSB #50276

**Gibbons Leis, PLLC**
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-mail:  phil@gibbonsleis.com

*Attorney for Defendant James Beckley*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2021, the undersigned counsel filed the foregoing

pleading using the Court's CM/ECF system that will send notification of this filing to all counsel

of record.

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
phil@gibbonsleis.com
*Attorney for Defendant James Beckley*

11