## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

KENNETH ROBINSON and )
CHRISTOPHER HALL, )
                        )
        Plaintiffs, )
                        )
v.                       )
                        )
PRIORITY AUTOMOTIVE    )
HUNTERSVILLE, INC. d/b/a PRIORITY )    **Case No.: 3:20-cv-00318**
HONDA HUNTERSVILLE, )
                        )
and                     )
                        )
JAMES BECKLEY, )
                        )
        Defendants.

## PRIORITY AUTOMOTIVE HUNTERSVILLE, INC. D/B/A PRIORITY HONDA'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE SECOND AMENDED COMPLAINT

Defendant Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville
(hereinafter "Defendant" or " Priority"), by and through its undersigned counsel, hereby states
the following as its Answer and Affirmative and Other Defenses to the Second Amended
Complaint filed by Plaintiffs Kenneth Robinson and Christopher Hall ("Plaintiffs").

1.       In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint,
Defendant admits Plaintiff Kenneth Robinson is an African American male. Defendant lacks
sufficient information or belief to admit or deny the remaining allegations contained in
Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.       In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint,
Defendant admits Plaintiff Christopher Hall is an African American male. Defendant lacks
sufficient information or belief to admit or deny the remaining allegations contained in
Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

WOODS ROGERS PLC
ATTORNEYS AT LAW

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint consist solely of legal conclusions, to which no response is required. To the extent a response may be deemed to be required, Defendant does not presently contest jurisdiction in this Court and Defendant denies any remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that the amount in controversy exceeds $25,000.00. The remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint consist solely of legal conclusions, to which no response is required. To the extent a response may be deemed to be required, Defendant does not presently contest jurisdiction in this Court and Defendant denies any remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it is engaged in the regular course of business in Mecklenburg County. The remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint consist solely of legal conclusions, to which no response is required. To the extent a response may be deemed to be required, Defendant does not presently contest venue in this Court and Defendant denies any remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits that Plaintiff Hall began his employment with Defendant in or around May,

WOODS ROGERS PLC
ATTORNEYS AT LAW

2018 at Defendant's business location at 12815 Statesville Road, Huntersville, NC 28078.

Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint as stated.

10. In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits that Plaintiff Robinson began his employment with Defendant in or around September 2018 at Defendant's business location at 12815 Statesville Road, Huntersville, NC 28078. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint as stated.

13. In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits Defendant James Beckley ("Beckley") became the General Manager of Defendant Priority in or around mid-July, 2019. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant admits only that on or around July 19, 2019, Defendant Beckley met with employees of Defendant Priority to discuss his plans as the new General Manager. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

15.     In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits only that Defendant Beckley cleaned and reorganized the dealership. Defendant denies any remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17.     Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and therefore denies the same.

18.     Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

19.     In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant admits Defendant Beckley held a meeting on or around July 20, 2019 to discuss his plans as the new General Manager.  Defendant admits Defendant Beckley played a recording of a call between one of Defendant Priority's employees and a customer.  Defendant admits that the Priority employee on the call was African American, but Defendant denies that the employee's race played any role in the selection of the recording.  Defendant admits that Defendant Beckley used the recording as a teaching tool for effective communication techniques.  Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant admits that it has a diverse workforce.  Defendant further admits, on information and belief, that Defendant Beckley used words to the effect that he would make Priority Honda great again.  Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

21. In response to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendant lacks sufficient information or belief as to the day that Plaintiffs and another unspecified employee met with Defendant Beckley, and therefore Defendant denies the same. Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. In response to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant lacks sufficient information and belief about what an unnamed employee of Defendant Priority allegedly told Plaintiffs, and therefore Defendant denies the same. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendant lacks sufficient information or belief to admit or deny what an unnamed employee of Defendant Priority allegedly told Plaintiffs, and therefore Defendant denies the same. Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. In response to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, Defendant admits that on or around July 23, 2019, Plaintiff Robinson communicated with an employee of Defendant Priority and expressed concern regarding his employment. Defendant further admits that in response to Plaintiff Robinson's communication, Defendant Priority's Controller immediately began investigating Plaintiff Robinson's allegations and a meeting was held that same day among Plaintiff Robinson, Priority's Controller and Defendant Beckley. Defendant lacks sufficient information or belief to admit or deny what may or may not have been a surprise to Plaintiff Robinson, and therefore denies the same. Defendant denies any remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. In response to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, Defendant admits only that Plaintiff Robinson voluntarily resigned from his employment with Defendant on or around July 23, 2019. Defendant denies the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. In response to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant admits only that on or around July 23, 2019, Plaintiff Hall communicated with an

WOODS ROGERS PLC
ATTORNEYS AT LAW

employee of Defendant Priority and expressed concerns regarding his employment. Defendant further admits that a meeting was scheduled on the same or following day to address Plaintiff Hall's concerns and that Mr. Hall elected not to attend the meeting despite Defendant's efforts to arrange it. Defendant further admits that Plaintiff Hall voluntarily resigned from his employment with Defendant on or around July 24, 2019. Defendant denies any remaining allegations contained in Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant admits that on or around the time alleged, Plaintiffs filed Charges with the Equal Employment Opportunity Commission ("EEOC").

38. In response to the allegations contained in Paragraph 38 of Plaintiffs' Complaint, Defendant admits that on March 16, 2020, the EEOC issued a Dismissal and Notice of Rights to each Plaintiff, and that both Dismissal and Notices of Rights stated that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Defendant denies any remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant hereby restates and incorporates its foregoing responses herein.

41. In response to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, Defendant admits that the North Carolina General Assembly enacted the North Carolina Equal Employment Practices Act, which speaks for itself. Defendant denies any remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant hereby restates and incorporates its foregoing responses herein.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. In response to the allegations contained in Paragraph 53 of Plaintiffs' Complaint, Defendant denies that Plaintiff is entitled to any damages whatsoever and demands strict proof

WOODS ROGERS PLC
ATTORNEYS AT LAW

thereof. Defendant denies the remaining allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. In response to the allegations contained in Paragraph 54 of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to any damages whatsoever and denies they are entitled to costs and attorney's fees, and demands strict proof thereof.

55. Defendant hereby restates and incorporates its foregoing responses herein.

56. The allegations contained in Paragraph 56 of Plaintiffs' Complaint consist solely of legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendant admits only that it is bound by the legal duties imposed by applicable law. Defendant denies any remaining allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Defendant hereby restates and incorporates its foregoing responses herein.

WOODS ROGERS PLC
ATTORNEYS AT LAW

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant hereby restates and incorporates its foregoing responses herein.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

76. Defendant hereby restates and incorporates its foregoing responses herein.

77. The allegations contained in Paragraph 77 of Plaintiffs' Complaint are not directed at Defendant Priority, and therefore no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. The allegations contained in Paragraph 78 of Plaintiffs' Complaint are not directed at Defendant Priority, and therefore no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. The allegations contained in Paragraph 79 of Plaintiffs' Complaint are not directed at Defendant Priority, and therefore no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. The allegations contained in Paragraph 80 of Plaintiffs' Complaint are not directed at Defendant Priority, and therefore no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81. Defendant hereby restates and incorporates its foregoing responses herein.

82. Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89. Defendant hereby restates and incorporates its foregoing responses herein.

90. In response to the allegations contained in Paragraph 90 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are black/African American men. The remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint consist of legal conclusions, to which no response is required. To the extent a response is deemed to be required, Defendant admits only that it is bound by the legal duties imposed by applicable law. Defendant denies any remaining allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

WOODS ROGERS PLC
ATTORNEYS AT LAW

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98. The Paragraph in Plaintiffs' Complaint under the heading "Jury Demand," is not an allegation against Defendant and therefore no response is required. To the extent a response may be deemed to be required, Defendant demands that any matter not dismissed by this Court be tried to a jury in accordance with applicable law.

99. In response to the Paragraph in Plaintiffs' Complaint under the heading "Prayer For Relief," and the numbered subparagraphs thereto, Defendant denies that it violated any legal duty to Plaintiffs whatsoever, denies that Plaintiffs suffered any damages as alleged, denies that it is indebted to Plaintiffs for any amount whatsoever, and demands strict proof thereof.

100. Defendant denies any allegations in Plaintiffs' Complaint it has not expressly admitted herein.

WOODS ROGERS PLC
ATTORNEYS AT LAW

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs' claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims should be dismissed, in whole or in part, because they have failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining all or part of this lawsuit, including, but not limited to, their duty to conciliate or exhaust available administrative or internal remedies.

### Third Defense

Plaintiff's claims should be dismissed, in whole or in part, because they are estopped as to such claims by their own actions.

### Fourth Defense

Plaintiffs, by their actions or otherwise, failed to comply with Defendant's internal policies for addressing complaints, including a policy barring harassment and discrimination in the workplace and setting forth a procedure for addressing such complaints, and, accordingly, Plaintiffs are estopped, otherwise have waived, or are precluded from asserting their claims for damages or other relief.

### Fifth Defense

All actions taken with regard to Plaintiffs were taken in good faith, for reasonable and legitimate business reasons, and were based on nondiscriminatory factors wholly unrelated to Plaintiffs' race.

WOODS ROGERS PLC
ATTORNEYS AT LAW

<u>Sixth Defense</u>

Plaintiffs' claims should be dismissed, in whole or in part, because there was no causal connection between events alleged in their Complaint and any damages which they allegedly suffered.

<u>Seventh Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, laches, and/or waiver.

<u>Eighth Defense</u>

Defendant did not act with willfulness or malice towards Plaintiffs.

<u>Ninth Defense</u>

Defendant cannot be held liable to Plaintiff under theories of respondeat superior or otherwise.

<u>Tenth Defense</u>

Defendant cannot be held liable to Plaintiff for acts of employees of Defendant that occurred outside the scope of their employment.

<u>Eleventh Defense</u>

Plaintiffs' claims should be dismissed, in whole or in part, because Defendant has taken and is taking available means to ensure that its employees are not subjected to unlawful discrimination or harassment, or other unlawful conduct.

<u>Twelfth Defense</u>

Plaintiffs' claims are barred, in whole or in part, by the exclusive remedies provided by applicable statutes.

WOODS ROGERS PLC
ATTORNEYS AT LAW

Thirteenth Defense

Plaintiffs' claims are barred, in whole or in party, because they were contributorily or comparatively negligent.

Fourteenth Defense

Defendant violated no legal duty with respect to either Plaintiff.

Fifteenth Defense

Plaintiffs' Complaint fails to allege any facts that would support the imposition of punitive damages against Defendant herein, and the imposition of any such damages would violate the constitutional and/or other rights of Defendant. In particular, pursuant to *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), Defendant should not be subject to liability for punitive damages because Defendant has made good-faith efforts to prevent discriminatory conduct by, inter alia, conducting equal employment opportunity and anti-harassment training and by having in place policies that prohibit discrimination and harassment and by providing various complaint mechanisms by which employees are able to complain about discrimination and harassment. In addition, Defendant has taken appropriate measures to remedy promptly any allegedly improper treatment of individuals by promptly investigating allegations of discrimination or harassment and by taking prompt and effective remedial actions to address any such allegations.

Sixteenth Defense

Any claim by Plaintiffs of emotional distress is unavailable because the acts alleged are insufficient as a matter of law to establish such a claim and any emotional distress allegedly suffered by Plaintiffs is insufficiently severe to support any such claim.

WOODS ROGERS PLC
ATTORNEYS AT LAW

Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, or are otherwise unavailable as a matter of law because they voluntarily abandoned and/or resigned from their employment with Defendant, and Plaintiffs' working conditions were not so intolerable that a reasonable person would be compelled to resign.

Eighteenth Defense

Any monetary relief Plaintiffs seek, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiffs earned, or with reasonable diligence could have earned through mitigation, or which they otherwise failed to seek or accept, during or covering the period for which they seek monetary relief.

Nineteenth Defense

Defendant has not engaged in, and is not engaging in, discrimination on the basis of race within the meaning of Title VII of the Civil Rights Act, the North Carolina Equal Employment Practices Act, or otherwise.

Twentieth Defense

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which attorney's fees may be granted.

Twenty-First Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care in any legal obligations it owed Plaintiffs and exercised reasonable care to prevent and correctly promptly any discriminatory or harassing behavior.

<h2 style="text-align:center">Twenty-Second Defense</h2>

Plaintiffs' claims for relief are barred, in whole or in part, because they cannot be afforded duplicative relief for the same alleged harm pursued under more than one theory of recovery.

<h2 style="text-align:center">Twenty-Third Defense</h2>

Defendant asserts an affirmative defense in accordance with the United States Supreme Court decisions in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) on the grounds that Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiffs unreasonably failed to take advantage of preventive or corrective opportunities provided by their employer or to avoid harm otherwise. At all times relevant to Plaintiffs' Complaint, Defendant maintained and regularly enforced appropriate policies and practices against discrimination and harassment, exercised reasonable care to prevent and correct promptly any discriminatory behavior and/or harassment or retaliation and maintained effective complaint procedures that were known and available to all employees. Plaintiffs' claims are unavailable as a matter of law because, to the extent they complained about alleged harassment or discrimination, Defendant undertook prompt and reasonable measures to investigate any such complaints and to take steps to address the alleged issue(s) upon which Plaintiffs base their claim(s) herein.

<h2 style="text-align:center">Twenty-Fourth Defense</h2>

Defendant expressly reserves the right to assert additional defenses, counterclaims, cross-claims or any other claims and to add such other parties as it may deem appropriate after further proceedings in this case.

WOODS ROGERS PLC
ATTORNEYS AT LAW

{2809188-1, 120373-00025-01}

This 17th day of February, 2021.

/s/ Leah M. Stiegler

King F. Tower (NC Bar No.: 31841)
ktower@woodsrogers.com
Leah M. Stiegler (pro hac; VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone:   (540) 983-7541
Facsimile:    (540) 983-7711

*Counsel for Defendant Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville*

WOODS ROGERS PLC
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that, on this on this 17th day of February, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.

This 17th day of February, 2021.

/s/ Leah M. Stiegler
King F. Tower (NC Bar No.: 31841)
ktower@woodsrogers.com
Leah M. Stiegler (pro hac; VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7541
Facsimile: (540) 983-7711

*Counsel for Defendant Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville*

WOODS ROGERS PLC
ATTORNEYS AT LAW