# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| KENNETH ROBINSON and CHRISTOPHER HALL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PRIORITY AUTOMOTIVE HUNTERSVILLE, INC. d/b/a PRIORITY HONDA HUNTERSVILLE, | ) ) ) ) | Case No.: **3:20-cv-00318** |
| and | ) ) | |
| JAMES BECKLEY, | ) ) | |
| Defendants. | ) | |

## PRIORITY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

Pursuant to 54(d)(1) of the Federal Rules of Civil Procedure, Western District of North Carolina Local Rule 54.1, and 28 U.S.C. §§ 1821, 1920-25, Defendant Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville ("Priority"), respectfully submits this Memorandum in Support of its Bill of Costs.

### I.    PRELIMINARY STATEMENT

On July 8, 2021, this Court granted Priority's Motion for Summary Judgment and dismissed the case *with prejudice*. (ECF No. 49). Courts have recognized the presumption of awarding costs to the prevailing party upon summary judgment in employment cases. *See, e.g., Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 448 (4th Cir. 1999) ("[T]he cost-shifting to the prevailing party otherwise applies to all cases, including Title VII cases."); *Thomas v. Freeway Foods, Inc.,* 2006 WL 8447259, at *2 (M.D.N.C. Apr. 6, 2006)*;* (rejecting Plaintiff's argument that costs should not be taxed in a civil

rights case); *Luqmaan v. Volvo Grp. N. Am.*, LLC, 2015 U.S. Dist. LEXIS 70533, at \*2 (W.D. Va. June 1, 2015) (awarding costs to defendant employer prevailing on summary judgment against Plaintiff employee who remained employed by Defendant); Fed. R. Civ. P. 54(d)(1). Accordingly, Priority is entitled to its costs incurred in this action.

## II. ARGUMENTS AND AUTHORITIES

### A. Itemization of Costs

Priority's costs total **$9,508.45** and the invoices associated with each cost are attached to the Declaration of Leah M. Stiegler, which is incorporated herein as **Exhibit A**. These costs are summarized on the corresponding Bill of Costs. The items claimed in Priority's Bill of Costs are accurate, were necessarily incurred in this action and are reasonable under the circumstances of this litigation. (Ex. A, Stiegler Decl. ¶3). Likewise, the services for which fees were charged were actual, and necessary and essential to defending against Plaintiffs' claims. (Ex. A, Stiegler Decl. ¶3). The following is a breakdown of the costs and fees Priority incurred in this litigation.

| Deposition and Subpoena Costs | | |
|---|---|---|
| **Description** | **Service Provider** | **Amount** |
| Robinson Deposition & Transcript | Huseby Global Litigation, Invoice No. 660741 | $1,264.00 |
| Robinson Deposition Video Services | Huseby Global Litigation, Invoice No. 660951 | $1,000.00 |
| Medical Records Subpoena for Plaintiff Hall's Medical Records - Novant Health Process Fee | Novant Health, Invoice No. 1155735 | $107.00 |
| Hall Deposition & Transcript | Huseby Global Litigation, Invoice No. 660757 | $1,118.50 |
| Beckley Transcript | Huseby Global Litigation, Invoice No. 661395 | $551.65 |

| | | |
|---|---|---|
| Hall Deposition Video Services | Huseby Global Litigation, Invoice No. 661914 | $625.00 |
| Ulmer Transcript; Cummings Transcript | Huseby Global Litigation, Invoice No. 662182 | $1,369.80 |
| Ulmer Exhibits | Huseby Global Litigation, Invoice No. 664095 | $25.00 |
| Employment Records Subpoena to Kyle Vasquez, Grace Mars Services Inc. 1st Address, Grace Mars Services Inc. 2nd Address, Hendrick BMW, Gastonia Mazda, Novant Health, Keefer Hyundai, Scott Clark Honda, Ben Mynatt Buick GMC, Inc., Keefer Mazda, Keefer Mazda - 2nd Paper - Process Server Charges | JM Field Services, Invoice No. 12090 | $800.00 |
| Vasquez  Deposition & Transcript | Planet Depos, Invoice No. 355029 | $2,204.00 |
| Vazquez Deposition Video Services | Planet Depos, Invoice No. 335030 | $465.68 |
| **Total** | | **$9,508.45** |

## B.      Fees for Transcripts Necessarily Obtained In this Case.

Given the fact intensive nature of this case where nearly all evidence in the case constituted testimony, The majority of Priority's costs were incurred through depositions.  Deposition transcripts cost Priority a total of $8,601.45. To be taxable, a transcript costs, including copies, must be "necessarily obtained for use in the case," and "reasonably necessary at the time of its taking." *See* 28 U.S.C. § 1920(2); *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). "The deposition does not have to be used in trial, or even in a motion for dispositive relief. . . . Additionally, even if it is not used at trial, deposition taken within the proper bounds of discovery is normally deemed to be necessarily obtained for use in the case.  *See Francisco v. Verizon S., Inc.,* 272 F.R.D. 436, 443 (E.D. Va. 2011) (internal citations and quotations omitted).

The parties deposed each Plaintiff (Kenneth Robinson and Christopher Hall), each Defendant (James Beckley, and Priority by way of two corporate representatives, Diane Ulmer and Stacy Cummings), and Plaintiff's witness (former employee Kyle Vasquez). All transcripts were used and cited to support the parties' summary judgment positions. The costs incurred for these depositions were necessary at the time the testimony was taken as well as for the defense of this case.

### C. Fees for Subpoenas Necessarily Obtained in this Case.

Priority also incurred fees in issuing document subpoenas for Plaintiffs' medical records and to Plaintiffs' current and former employers as well as those employers Plaintiffs alleged they were denied job opportunities as a result of Priority's alleged conduct.

Fees for subpoenas related to medical records are reasonable when a plaintiff seeks damages as a result of emotional or medical issues. *See Faulconer v. Centra Health Inc.,* No. 6:17-CV-00023, 2020 WL 3423480, at *2 (W.D. Va. June 1, 2020), *report and recommendation adopted,* No. 6:17-CV-00023, 2020 WL 3422195 (W.D. Va. June 22, 2020) (finding subpoenas for medical records "taxable costs" when plaintiff sought emotional damages in an employment case) (citing *Ham v. McFadden*, No. 4:15–CV–00372–RBH, 2016 WL 7034058, at *3 (D.S.C. Dec. 2, 2016) (holding prevailing defendant may recover under 28 U.S.C. § 1920 fees incurred in obtaining medical records where plaintiff claimed to have suffered medical and/or emotional injuries)). Here, Plaintiffs claimed "emotional, mental and physical anguish and distress" damages. (ECF No. 30 ¶45). Therefore, Priority is entitled to recover the costs associated with subpoenaing their records in the amount of $107.00.

While not as many courts have considered this issue, it is likely the costs Priority incurred for issuing subpoenas for Plaintiffs employment records were reasonable and are recoverable as Plaintiffs argued Priority's alleged conduct inhibited their employment opportunities. *Cf. Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011) ("Absent a specific objection as to this item, the Court summarily grants Defendant that particular cost."). Priority incurred $800.00 in this endeavor.

**III.    CONCLUSION**

Accordingly, Priority respectfully requests the Court grant its Motion for Bill of Costs.

This 22 day of July, 2021.     Respectfully submitted,

*/s Leah M. Stiegler*

King F. Tower (NC Bar No. 31841)
ktower@woodsrogers.com
Pro hac, Michael P. Gardner, Esq. (VSB No. 80380)
mgardner@woodsrogers.com
Pro hac, Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone:  (540) 983-7600
Facsimile:  (540) 983-7711

Counsel for Defendant Priority Automotive Huntersville, Inc. d/b/a Priority Honda Huntersville

*{2837135-1, 120373-00025-01}*     6

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true copy of the foregoing was delivered to the

Clerk of Court on the date below using the CM/ECF Filing system, and shall deliver a copy of the

same to all counsel of record.

*/s Leah M. Stiegler*

King F. Tower (NC Bar No. 31841)
ktower@woodsrogers.com
Pro hac, Michael P. Gardner, Esq. (VSB No. 80380)
mgardner@woodsrogers.com
Pro hac, Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone:   (540) 983-7600
Facsimile:    (540) 983-7711

Counsel for Defendant Priority Honda Automotive
Huntersville, Inc. d/b/a Priority Honda Huntersville